# Brien *against* Smith.

A mortgage given to a surety to indemnify him against loss will pass to a third person, who paid the money for the surety on the faith of an agreement that the mortgage should be assigned to him.

ERROR to the Common Pleas of *Adams* county.

John L. Smith, assignee of Alexander Neill, against John M'Pherson Brien. This was a *scire facias* sur mortgage, in which the defence was made by the judgment creditors of the defendant.

On the 14th November 1840, John M'P. Brien, the defendant, gave his note, with James A. Buchanan and Alexander Neill as sureties, to the Bank of Hagerstown for $7000, payable at sixty days after date. Brien made partial payments on the note; and on the 21st December 1842, there being still due upon it $5028, he executed a mortgage, on which this suit was brought, to Alexander Neill, to indemnify him as surety. In the following May Brien was declared insolvent according to the laws of Maryland; and Neill, being the only responsible party to the note, was called on to make provision for its payment. In this state of things, Neill being required to pay the money due on the note, his principal and co-surety both being irresponsible, an arrangement was made between him and the plaintiff in this suit, John L. Smith, by which Smith was to furnish the money to pay the note to the bank and take an assignment of the mortgage, to be executed by Neill. In pursuance of this arrangement, according to the evidence in the case, Smith paid the amount due on the note subject to the order of Neill, who applied it to the payment of the note; and on the 6th of June following executed an assignment of the mortgage to Smith, who claimed to recover in the present suit a judgment against the mortgaged premises for $3058.58, on account of the money which he paid for the use and relief of Neill.

[Brien v. Smith.]

The defendant contended that, by the payment of the note to the bank, the mortgage given as an indemnity to Neill, the surety, was extinguished; that Smith, therefore, acquired no right by the assignment of it, and consequently could not recover in this suit; and especially as the money was paid on the 23d of May, and the assignment was not made until the 6th of June.

The court below (DURKEE, President) instructed the jury that the plaintiff had a clear and indubitable right to recover.

*Cooper,* for plaintiff in error, contended that the payment of the debt by Smith to the bank, on the 23d May, extinguished the mortgage, and there was nothing afterwards, on the 6th June, to assign to the plaintiff.   4 *Rawle* 252; *Story's Eq.*, sec. 1013.

*Smyser* and *Reed,* contra.   Whether the mortgage was extinguished by the payment of the debt depended upon the agreement and intention of the parties.   6 *Johns. Chan.* 395; 4 *Whart.* 410; 8 *Watts* 148; *Pitman on Prin. and Surety,* (40 *Law Lib.* 93).   Here the assignment was made in pursuance of the original design of the parties, and was the consideration for the payment of the money.

PER CURIAM. — The plaintiff, Smith, stands in the place of Neill, the mortgagee; and why shall he not have the same remedy?   Because, says the defendant's counsel, the condition of the mortgage was to save harmless Neill, and not Smith, his assignee, who paid the original debt; and it consequently has not been broken.   But the payment of the debt for which Neill was surety was in effect his payment, and not the payment of Smith, who furnished the money at his request, and on the security of the mortgage.   Had Neill received this money in the first instance, raised as it was on the security of the mortgage, and paid it in extinction of the original debt with his own hand, there would not be a doubt that the contingency had happened to his disadvantage, against which the mortgage was a security; and it happened in effect, when Smith paid it with the consideration of the assignment.   The money which constituted that consideration was Neill's money; and the payment was his.   That is not all; for Neill is ultimately bound to Smith for so much paid to his use at his request: and in every aspect the plaintiff is entitled to recover.

Judgment affirmed.